# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHAVON JACKSON, | ) | CASE NO. 1:24-cv-144 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DARREN JACKSON, *et al.*, | ) | |
| | ) | **ORDER OF REMAND** |
| Defendants. | ) | |
| | ) | |

*Pro se* Defendants Darren Jackson and Jocelyn Lyons filed a Petition for Removal of Action, removing the instant eviction action from the Garfield Heights Municipal Court. (ECF No. 1). For the reasons that follow, this action is **REMANDED** to the Garfield Heights Municipal Court.

## I.  BACKGROUND

On December 18, 2023, Plaintiff Chavon Jackson filed an eviction complaint and notice against Defendants in the Garfield Heights Municipal Court. (ECF No. 3, PageID #12–14). On January 25, 2024, Defendants removed the case to federal court pursuant to 28 U.S.C. § 1446, but they did not state the basis for federal jurisdiction over this action. (ECF No. 1). Defendants instead asserted the following "grounds" for removal: (i) Plaintiff violated 15 U.S.C. § 1692 and Federal Rule of Civil Procedure 60; and (ii) Plaintiff's eviction action violated the Due Process Clause of the Fourteenth Amendment. (*Id.* at PageID #1–2).

## II.  LEGAL STANDARD

Because federal courts are courts of limited jurisdiction, they "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers*

1

in *Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). A defendant may remove any civil action brought in state court over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). If a district court determines that it lacks subject matter jurisdiction, however, the court must remand the case. 28 U.S.C. § 1447(c).

The party removing a case bears the burden of establishing jurisdiction. *Nowicki-Hockey v. Bank of Am., N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). Because removal jurisdiction implicates federalism concerns, removal statutes are strictly construed and "all doubts should be resolved against removal." *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)). Any ambiguity regarding the scope of the removal statutes and all doubts as to whether removal is proper should be resolved in favor of remand to the state courts. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Diversity of citizenship applies to cases in which the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" and the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). Federal question jurisdiction provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under 28 U.S.C. § 1331, federal question jurisdiction exists "only when a federal question is presented on the face of the Plaintiff's properly pleaded Complaint." *Caterpillar Inc.*, 482 U.S.

2

at 392. In other words, an action arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) (citation omitted). It is well settled that a defendant cannot remove a case to federal court solely on the basis of federal counterclaims or defenses. *See Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 650 (1986); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002)).

### III. DISCUSSION

The Court finds that there was no proper basis for removal of this action, and remand to state court is required. Defendants did not allege diversity jurisdiction as a basis for removal. The record also does not reflect that such jurisdiction exists; all parties appear to be Ohio citizens, and the amount in controversy is insufficient. Moreover, there is no basis for federal question jurisdiction in this action. Plaintiff's eviction claim relies exclusively upon state law and does not contain a federal cause of action. (*See* ECF No. 3, PageID #12–14). Eviction actions based on state law do not necessitate the resolution of an "actually disputed and substantial" federal question and do not provide a basis for federal question jurisdiction. *See Chase Manhattan Mortg. Corp.*, 507 F.3d at 914 (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)). Although Defendants seem to characterize this eviction action as a violation of their due process rights under the Fourteenth Amendment, the alleged civil rights violation appears to be either a defense to the complaint or a counterclaim, neither of which would provide a basis for removal. *Holmes Group, Inc.*, 535 U.S. at 831; *Cuyahoga Metro. Hous. Auth. v. Wylie*, No. 1:17 CV 1857, 2017 U.S. Dist. LEXIS 214855, at *3

(N.D. Ohio Oct. 30, 2017) ("Thus, even if Defendant intends to argue counterclaims or defenses based on federal causes of action, those federal claims do not provide a reasonable basis for removal."). Defendants' assertions that Plaintiff violated 15 U.S.C. § 1692 (a statute involving debt collection practices) and Fed. R. Civ. P. 60 (a rule regarding relief from a judgment or order) suffer the same fate.

Defendants have not met their burden of establishing either federal question or diversity jurisdiction. Therefore, it appears that the Court lacks subject matter jurisdiction over this removed action. Accordingly, Defendants' removal was improper, and this action must be remanded to state court.

## IV. CONCLUSION

For the foregoing reasons, this case is hereby **REMANDED** to the Garfield Heights Municipal Court. The Court further **CERTIFIES,** pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision cannot be taken in good faith.

**IT IS SO ORDERED.**

Dated: May 8, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**